42 F.3d 1389
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel B. SIMS, Plaintiff-Appellant,
v.
J.J. CLARK; Erbie N. Lyons; R.E. Lowther, Defendants-Appellees.
 No. 94-5678.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1994.
 
 Before: MERRITT, Chief Judge, KEITH and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Daniel B. Sims, a pro se federal prisoner, appeals a district court judgment which dismissed his complaint filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and which also construed Sim's Bivens lawsuit as requesting habeas corpus relief pursuant to 28 U.S.C. Sec. 2241 (regarding Sims's claim for injunctive relief as to the restoration of good time credits). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, injunctive and declaratory relief, Sims sued two disciplinary hearing officers (Lyons and Lowther) and the former warden at the Federal Correctional Institution at Memphis, Tennessee (Clark). Sims alleged that defendants Lyons and Lowther violated his due process rights in connection with disciplinary charges and hearings at which time Sims was found guilty of possession of a sharp instrument and of possession of narcotics (heroin). Sims alleged that Clark violated Sim's rights when Clark affirmed the disciplinary convictions on appeal. Sims also alleged that the defendants acted in retaliation and found him guilty of the disciplinary charges because he filed a lawsuit against prison officials and testified on behalf of a criminal defendant in a federal prosecution. Sims sought damages, a declaratory judgment that his disciplinary convictions violated his due process rights, and injunctive relief for the expungement of his prison record and the restoration of forfeited good time credits as a result of the disciplinary sanctions after he was found guilty on both charges.
 
 
 3
 Initially, the district court dismissed the case against defendant Lowther because Sims failed to obtain service of process on this defendant. The district court then construed Sims's claim for injunctive relief as a claim for habeas corpus relief pursuant to 28 U.S.C. Sec. 2241 and initially found that Sims had not exhausted his administrative remedies. The court stayed the Bivens case pending resolution of Sims's administrative claim for the restoration of good time credits.
 
 
 4
 After Sims exhausted his administrative claim, the court considered Sims's Bivens claim and his claim for habeas corpus relief. The court granted defendants summary judgment on Sims's claim for damages and found that he was not entitled to habeas corpus relief for the restoration of good time credits and dismissed the case.
 
 
 5
 On appeal, Sims's pro se brief is construed as arguing those claims which he raised in the district court. Sims requests oral argument, a transcript at government expense and the appointment of counsel. In his reply brief and for the first time on appeal, Sims provided an "affidavit in opposition to defendants supplemental motion to dismiss or, in the alternative, motion for summary judgment."
 
 
 6
 Initially, we note that for the first time on appeal and in his reply brief, Sims filed a sworn affidavit in response to the defendants' summary judgment motion which was filed during the district court proceedings. In the absence of exceptional circumstances, which are not present in this case, the court will not address an issue not raised for the first time in the district court. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990). Because Sims failed to file this affidavit at the proper time in the district court, the affidavit will not be considered sufficient to defeat the defendants' summary judgment motion. See Pfeil v. Rogers, 757 F.2d 850, 859 (7th Cir.1985), cert. denied, 475 U.S. 1107 (1986).
 
 
 7
 We also note that the district court did not err in dismissing defendant Lowther from the lawsuit because Sims never made proper service of the complaint against this defendant. Fed.R.Civ.P. 4(a) through (c).
 
 
 8
 Upon de novo review, we affirm the district court's judgment for the reasons set forth in the court's order filed May 27, 1993. Summary judgment was properly entered because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). An inmate has no constitutionally guaranteed protection from being wrongly accused of conduct; rather, he has a constitutional right not to be deprived of a protected liberty interest without due process. See Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir.1986), cert. denied, 485 U.S. 982 (1988). Sims received all the process he was due in connection with the disciplinary charges brought against him and with regards to the disciplinary hearings held. See Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). Sims's retaliation claim is also meritless because Sims has not shown that the defendants' conduct constituted an egregious abuse of governmental power or that such conduct otherwise "shocked the conscience." See Cale v. Johnson, 861 F.2d 943, 949-50 (6th Cir.1988). There was no violation of Sims's constitutional rights, and he is not entitled to habeas corpus relief on his claim for the restoration of forfeited good time credits.
 
 
 9
 Accordingly, we deny Sims's requests for miscellaneous relief and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.